UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SEBRON FLOYD, | ) |
| Plaintiff, | ) |
| v. | ) 11-CV-3444 |
| JENNIFER BLAESING, SANDRA SIMPSON, and GREG SCOTT, | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim that Defendants have refused to assign him a job off of his unit.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if

1

part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d

541, 546 (7th Cir. 2009).

## ALLEGATIONS

Defendant Blaesing has allegedly denied Plaintiff's repeated requests for a job off of his unit, purportedly based on Plaintiff's past history of an assault on staff in 1999 and three fights with other residents. However, the other resident involved in the same staff assault is allowed to work off the unit in the kitchen, and other residents who have assaulted staff have been allowed to work off their units. Plaintiff has not been in any trouble for the past two years.

Defendant Blaesing has also allegedly repeatedly and arbitrarily taken away Plaintiff's "points" earned from his on-unit job. Plaintiff has filed many grievances against Blaesing to no avail. Blaesing also regularly increases the price on commissary items. The increases, coupled with Plaintiff's loss of points, makes it difficult for him to "take care of himself," presumably by purchasing commissary items. He asserts that he is barely "able to buy soap and toothpaste and stuff for my hair." He seeks an investigation.

## ANALYSIS

Plaintiff has no constitutional right to a job during his detention, much less to an off-unit job. See Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir. 1991)(prisoner has no constitutional right to particular job assignment); Garza v.

3

Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities). Further, he has no constitutional right to earn "points" for working at his job on his unit. Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992)(prisoner has no constitutional right to a job in prison, nor a constitutional right to compensation for work performed). Accordingly, neither the denial of a job outside Plaintiff's unit or the deduction of points he has earned states a federal claim for relief. Even if Plaintiff had a protected property interest in the points he has already earned, he alleges no facts to allow a plausible inference that those points were taken from him without due process.

Plaintiff may be trying to make out a "class of one" equal protection claim regarding his job request. A class of one claim may arise when a defendant "irrationally targets an individual for discriminatory treatment." Reget v. City of La Crosse, 595 F.3d 691, 695 (7th Cir. 2010). "A plaintiff alleging a class-of-one equal protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." Id.

However, the Supreme Court held in Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 594 (2008), that a class of one claim "has no place in the public employment context." Plaintiff essentially seeks public employment:

4

the job he wants is an off-unit job performing services for the Illinois Department of Human Services at Rushville Treatment and Detention Center, a state facility. Although the Court found no Seventh Circuit Court of Appeals precedent addressing this issue, the Court is confident that Plaintiff's status as a resident of the facility rather than an employee does not change the public nature of the employment he seeks. *See, e.g.,* Alexander v. Lopac, 2011 WL 832248 *2 (N.D. Ill. 2011)(unpublished)(Engquist's reasoning applied to prisoner's claim that he was irrationally denied position in prison industry). The discretion exercised by governmental actors here is the same kind of discretion discussed in Engquist. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action." Id. at 605.

As for Plaintiff's inability to buy commissary items, no plausible inference arises that he is suffering inhumane conditions or lacks the "minimal civilized measure of life's necessities." Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005)(applying Eighth Amendment standard to sexually violent person's claim)(*quoting* Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Sain v. Wood,

5

512 F.3d 886, 893 (7th Cir. 2008)(committed person is entitled to "'humane conditions'" and the provision of "'adequate food, clothing, shelter, and medical care'")(*quoting* Farmer, 511 U.S. at 832).

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed *in forma pauperis* is denied (d/e 4) because he fails to state a federal claim for relief. The hearing scheduled for February 13, 2012, is cancelled as unnecessary. All pending motions are denied as moot, and this case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plan to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: 02/09/2012

FOR THE COURT:

                                                   **s/Sue E. Myerscough**
                                                   SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE